**E-FILED**
Tuesday, 21 March, 2017  02:05:36 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

|  |  |
|---|---|
| Gregory Bandoian,<br><br>                              Plaintiff,<br>     v.<br><br>Focus Receivables Management, LLC,<br><br>                              Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Gregory Bandoian, by undersigned counsel, states as

follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone

Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant

transacts business in this District and a substantial portion of the acts giving rise to this action

occurred in this District.

## PARTIES

3.      Plaintiff, Gregory Bandoian ("Plaintiff"), is an adult individual residing in Peoria,

Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant, Focus Receivables Management, LLC ("Focus"), is a Georgia

business entity with an address of 1130 Northchase Parkway Suite 150, Marietta, Georgia 30067,

and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5.      In 2016, Focus began placing calls to Plaintiff's cellular telephone, number 847-xxx-2302, using an automatic telephone dialing system ("ATDS").

6.      When Plaintiff answered calls from Focus, he heard silence and had to wait on the line before he was connected to the next available representative.

7.      On or about August 30, 2016, Plaintiff spoke with a representative and requested that all calls to him cease.

8.      Nevertheless, Focus continued to place automated calls to Plaintiff's cellular telephone number.

9.      The calls directly interfered with Plaintiff's right to peacefully enjoy a service for which he paid, and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

**COUNT I**
**VIOLATIONS OF THE TCPA –**
**47 U.S.C. § 227, et seq.**

10.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.      At all times mentioned herein, Defendant called Plaintiff's cellule telephone number using an ATDS or predictive dialer.

12.      In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13.     Defendant's telephone system(s have some earmarks of a predictive dialer.

14.     When Plaintiff answered calls from Defendant, he heard silence before Defendant's telephone system would connect him to the next available representative.

15.     Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendant was assigned to a cellular telephone serviced by AT&T for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18.     Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

19.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's

favor and against Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent

pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing

pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Granting Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 21, 2017

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff